**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


United States of America

    v.                                       Case No. 07-cr-164-01-SM

Henry Devine


## O R D E R

The defendant, Henry Devine, moved for a sentence reduction based upon the cocaine base ("crack cocaine") amendment to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("2010 Fair Sentencing Act") (document no. 29).  That amendment was given retroactive effect on November 1, 2011.  For the reasons stated below, the defendant's motion to reduce sentence is DENIED.

On August 3, 2010, Congress enacted the 2010 Fair Sentencing Act to restore fairness to crack cocaine sentences. Specifically, the Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug Quantity Table in §2D1.1, eliminated the mandatory minimum sentence for simple possession of crack cocaine, and

directed the United States Sentencing Commission ("Commission") to review and amend the sentencing guidelines to account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the 2010 Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010. *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010). On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. §994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to §1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. §994(u). Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine offenses and made related revisions to Application Note 10 to §2D1.1. Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under §2D1.1. On November 1, 2011, the

amendment to §1B1.10 took effect, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Parts A and C of Amendment 750 were authorized.

Having reviewed the offense of conviction, the sentence imposed, and the pertinent record, it is clear that the defendant is not eligible to seek a reduced sentence under the retroactively applicable amendment.

On April 25, 2008, the defendant pled guilty to a seven (7) count Superseding Information charging him with four (4) counts of Robbery Affecting Commerce in violation of 18 U.S.C. § 1951, one (1) count of Attempted Armed Robbery Affecting Commerce in violation of 18 U.S.C. § 1951, and two (2) counts of Distribution of a Cocaine Base ("Crack Cocaine") in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(C). At sentencing, the defendant was deemed to be a career offender and, as a result, his total offense level was thirty-one (29) and the advisory guideline range was 151 to 188 months. The court, however, accepted a binding plea agreement between the parties and sentenced the defendant to 92 months imprisonment and three (3) years of supervised release on each count, to be served concurrently.

On this record, the defendant is plainly not entitled to a
sentence reduction based on a retroactive application of the 2010
Fair Sentencing Act amendment (Amendments 750, Parts A and C).
Under the 2010 Fair Sentencing Act the career offender guideline
still sets the applicable Guideline Sentencing Range in the
defendant's case.  The retroactive guideline amendment did not
lower that range — it was 151 to 188 months when defendant was
sentenced and it remains at 151 to 188 months now.

The retroactive amendment, by its terms, does not apply to
defendant.  Because "the guideline range applicable to . . .
defendant" has not been "lowered as a result of an amendment to
the Guidelines Manual listed in subsection (c)," U.S.S.G. §
1B1.10(a)(1), defendant is not entitled to sentence relief.  As a
result, the defendant's motion for a sentence reduction (document
no. 29) is DENIED.

   **SO ORDERED.**


Date: March 12, 2012          /s/ Steven J. McAuliffe
                            _____
                              Steven J. McAuliffe
                              United States District Judge



cc:  Henry Devine, pro se
     Counsel of Record

4